IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERAFINA LICCARDI, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| IAN SHORR; PARAMOUNT | § | Case No. 3:22-cv-02423-K-BT |
| PICTURES/VIACOM; JEFF BEZOS; | § | |
| AMAZON PRIME VIDEO; and | § | |
| AMAZON.COM WORLDWIDE | § | |
| DISTRIBUTION, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the following post-judgment motions filed by *pro se* Plaintiff Serafina Liccardi: (i) Motion for Leave to File Argument for and to Amend Complaint (ECF No. 54); (ii) Motion to File Yet Another Request for Marshal Service to Find and Serve Ian Shorr Notice and Waiver Diligence (ECF No. 55); and (iii) Motion to File Demand for Redress of all my Claims (ECF No. 56). For the reasons explained below, the District Judge should **DENY** the Motions and issue sanctions against Liccardi.

This case arises out of Liccardi's allegations that Defendants plagiarized her autobiography in violation of federal intellectual property laws. *See* Am. Compl. (ECF No. 30). On January 3, 2024, the District Judge accepted the Magistrate Judge's recommendation to grant Defendants' Motion to Dismiss and dismissed

1

all of Liccardi's claims with prejudice. FCR (ECF No. 45); Order Accepting (ECF No. 47); Judgment (ECF No. 48). Because this is not Liccardi's first lawsuit raising the same allegations, the Court also warned Liccardi that she could be subject to sanctions if she persisted in filing duplicative and vexatious lawsuits. *See* Order Accepting (highlighting at least five lawsuits in this District that Liccardi has filed and noting that all five have been dismissed upon a finding of frivolity, failure to prosecute, or failure to state a claim).

Liberally construed, Liccardi's latest motions appear to seek relief from the Court's final judgment under Federal Rule of Civil Procedure 60(b). Using aggressive and offensive language directed at the Court, the Clerk's office, and the U.S. Marshal, Liccardi demands that "all of [her] requests are to be reconsidered and granted with [the Court's] own forms . . . in plain language – *not* in case law format so a retard can't read or understand it." Mot. File Arg. 2. (emphasis in original). Liccardi states that "it is disgusting to sit in a position of power and do nothing but relish in the victimization of vulnerable people for [the Court's] own financial coffer gains," insisting that "an illegal immigrant gets treated better than a retard here." *Id*. Liccardi does not, however, allege that the Court's entry of judgment was a mistake, that there is newly discovered evidence or fraud that would justify relief from the judgment, or that the judgment is void. In other words, she includes no grounds by which the Federal Rules would allow her relief from the judgment. *See* Fed. R. Civ. P. 60(b)(1)–(6) (listing reasons for which a court

2

may relieve a party from a final judgment). The District Judge should therefore **DENY** the Motions for relief from the final judgment.

The District Judge should also impose monetary sanctions on Liccardi. District courts possess the inherent power to levy sanctions in response to abusive litigation practices. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam). And although Liccardi insists that she deserves reasonable accommodation because she cannot afford an attorney, "one acting *pro se* has no license to harass others, clog the judicial machine with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Court has already warned Liccardi that further vexatious filings could result in monetary sanctions. Order Accepting 1–2. Given Liccardi's aggressive tone directed at the Court, the Clerk's office, and the U.S. Marshal in her recent filings and her repeated attempts to continue litigating a case that has been dismissed with prejudice, the District Judge should conclude that a monetary sanction of $100, payable to the Clerk's office, is warranted. *See Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir. 1990) (per curiam) (imposing a monetary sanction of $10 on a *pro se* prisoner litigant and explaining that "like every other pastime, recreational litigation has its price; such sanctions as this are imposed for the very purpose of causing the [litigant] . . . to think twice before cluttering our dockets with frivolous or philosophical litigation"); *Farguson*, 808 F.2d at 360 (imposing a $500 sanction on a *pro se* civil litigant for his repeated frivolous and irrational filings).

3

**SO RECOMMENDED.**

April 29, 2024

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).